IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT CAMPO,

    Petitioner,                    No. 2:11-cv-1622 LKK DAD P

    vs.

G. SWARTHOUT,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

                         /

       Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is serving a sentence of twenty-seven years to life in state prison following his 1985 conviction in the Fresno County Superior Court for kidnapping and first degree murder with use of a firearm.

       In his pending federal habeas petition, petitioner challenges a May 5, 2009 decision by the California Board of Parole Hearings (Board) finding him unsuitable for parole and deferring his next parole consideration hearing for five years. This matter is before the court on respondent's motion to dismiss the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Habeas Rules"). Petitioner has opposed the motion.

/////

Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." A motion for summary dismissal pursuant to Rule 4 of the Habeas Rules is an appropriate motion in habeas proceedings. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).

PETITIONER'S CLAIMS

I. Due Process

In his first three claims for relief, petitioner contends that the Board's 2009 decision to deny him parole for a period of five years violated his federal constitutional right to due process of law because: the Board unfairly relied on the unchanging circumstance of his commitment offense and other pre-offense factors to deny him parole; the Board's decision was arbitrary and capricious; and there was insufficient evidence in the record before the Board that petitioner would pose a current danger to society if released from prison. (Pet. (Doc. No. 1), at 4-5.)

Respondent counters by arguing that petitioner's due process claim is not cognizable in this federal habeas corpus proceeding and should therefore be dismissed. (Mot. to Dismiss (Doc. No. 11) at 2-3.)

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209,

221 (2005).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).  The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").  However, a state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest.  Greenholtz, 442 U.S. at 12.  See also Allen, 482 U.S. at 376-78.

      California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v. Cooke, 562 U.S. ___, ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a liberty interest in parole.")  In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

      In Cooke, the Supreme Court reviewed two cases in which California prisoners were denied parole - in one case by the Board, and in the other by the Governor after the Board had granted parole.  Cooke, 131 S. Ct. at 860-61.  The Supreme Court noted that when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair procedures, "and federal courts will review the application of those constitutionally required procedures."  Id. at 862.  The Court concluded that in the parole context, however, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied."  Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit

decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence." Cooke, 131 S. Ct. at 862. In particular, the Supreme Court rejected the application of the "some evidence" standard to parole decisions by the California courts as a component of the federal due process standard. Id. at 862-63. See also Pearson, 639 F.3d at 1191.[1]

Here, it is plain from the record in this case that petitioner was present at his 2009 parole consideration hearing, that he participated in that hearing, and that he was provided with the reasons for the Board's decision to deny him parole. (Doc. No. 11-1 at 5-119.) According to the United States Supreme Court, the federal due process clause requires no more. Petitioner is therefore not entitled to federal habeas relief with respect to his due process claim.

II. Ex Post Facto Violation

Petitioner's next claim for relief is that application of the provisions of California Proposition 9, also known as Marsy's Law, at his 2009 parole hearing violated the Ex Post Facto Clause of the United States Constitution because it increased the deferral period for his next parole suitability hearing and resulted in his serving a longer prison sentence. (Pet. at 5.)

In moving to dismiss the pending petition, respondent argues that petitioner's Ex Post Facto claim is not cognizable in this habeas corpus proceeding because it presents the same issue that is pending before the court in the class action case of Gilman v. Fisher, 05-0830 LKK GGH P (E.D. Cal.). (Mot. to Dismiss at 3-4.)

/////

---

[1] In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four years the Ninth Circuit had consistently held that in order to comport with due process a state parole board's decision to deny parole had to be supported by "some evidence," as defined in Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability. See Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

The Constitution provides that "No State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, § 10. A law violates the Ex Post Facto Clause of the United States Constitution if it: (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed. Collins v. Youngblood, 497 U.S. 37, 52 (1990). The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." Himes v. Thompson, 336 F.3d 848, 854 (9th Cir. 2003) (quoting Souch v. Schaivo, 289 F.3d 616, 620 (9th Cir. 2002)). See also Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995). The Ex Post Facto Clause is also violated if: (1) state regulations have been applied retroactively; and (2) the new regulations have created a "sufficient risk" of increasing the punishment attached to the crimes. Himes, 336 F.3d at 854. The retroactive application of a change in state parole procedures violates ex post facto only if there exists a "significant risk" that such application will increase the punishment for the crime. See Garner v. Jones, 529 U.S. 244, 259 (2000).

Petitioner was convicted and sentenced to twenty-seven years to life in prison with the possibility of parole in 1985, twenty-three years prior to the passage of Marsy's Law in November 2008. Marsy's Law amended California law governing parole deferral periods. See Gilman v. Davis, 690 F. Supp.2d 1105, 1109–13 (E.D. Cal. 2010) (granting plaintiffs' motion for a preliminary injunction enjoining enforcement of Marsy's Law, to the extent it amended former California Penal Code § 3041.5(b)(2)(A)), rev'd sub nom. Gilman v. Schwarzenegger, 638 F.3d 1101 (9th Cir. 2011). Prior to the enactment of Marsy's Law, the Board deferred subsequent parole suitability hearings with respect to indeterminately-sentenced inmates for one year unless the Board determined it was unreasonable to expect that parole could be granted the following year. If that determination was made, the Board could then defer the inmate's subsequent parole suitability hearing for up to five years. See Cal. Pen. Code § 3041.5(b)(2) (2008). Marsy's Law, which applied to petitioner at the time of his 2009 parole suitability hearing, amended §

5

1  3041.5(b)(2) to impose a minimum deferral period for subsequent parole suitability hearings of
2  three years, and to authorize the Board's deferral of a subsequent parole hearing for up to seven,
3  ten, or fifteen years.  Id. § 3041.5(b)(3) (2010).

4          One of the claims presented by the plaintiffs in the class action Gilman case is that
5  the amendments to § 3041.5(b)(2) regarding parole deferral periods imposed under Marsy's Law
6  violates the Ex Post Facto Clause because "when applied retroactively, [they] create a significant
7  risk of increasing the measure of punishment attached to the original crime."  (Gilman, Doc. No.
8  154–1 at 13 (Fourth Amended/Supplemental Complaint), Doc. No. 183 (Mar. 4, 2009 Order
9  granting plaintiffs' motion for leave to file a Fourth Amended/Supplemental Complaint.))  With
10 respect to this Ex Post Facto claim, the class in Gilman is comprised of "all California state
11 prisoners who have been sentenced to a life term with possibility of parole for an offense that
12 occurred before November 4, 2008."  (Gilman, Doc. No. 340 (Apr. 25, 2011 Order amending
13 definition of class.))  The Gilman plaintiffs seek declaratory and injunctive relief, including a
14 permanent injunction enjoining the Board from enforcing the amendments to § 3041.5(b) enacted
15 by Marsy's Law and requiring that the Board conduct a new parole consideration hearing for
16 each member of the class.  (Gilman, Doc. No. 154–1 (Fourth Amended/Supplemental Complaint)
17 at 14.)

18         In a class action for injunctive relief certified under Rule 23(b)(2) of the Federal
19 Rules of Civil Procedure a court may, but is not required to, permit members to opt-out of the
20 suit.  Crawford v. Honig, 37 F.3d 485, 487 n.2 (9th Cir. 1994).  In certifying the Gilman class,
21 the district court found that the plaintiffs satisfied the requirement of Rules 23(a) and 23(b)(2)
22 that "the party opposing the class has acted or refused to act on grounds that apply generally to
23 the class, so that final injunctive relief or corresponding declaratory relief is appropriate
24 respecting the class as a whole."  (See Gilman, Doc. No. 182 (Mar. 4, 2009 Order certifying class
25 pursuant to Fed. R. Civ. P. 23(b)(2), Doc. No. 257 (June 3, 2010 Ninth Circuit Court of Appeals
26 Memorandum affirming district court's order certifying class.))  According to the district court in

6

Gilman, the members of the class "may not maintain a separate, individual suit for equitable relief involving the same subject matter of the class action." (Gilman, Doc. No. 296 (Dec.10, 2010 Order) at 2; see also Doc. No. 278 (Oct. 1, 2010 Order), Doc. No. 276 (Sept. 28, 2010 Order), Doc. No. 274 (Sept. 23, 2010 Order.))  There is no evidence before the court at this time in this habeas action suggesting that petitioner has requested permission to opt out of the Gilman class action lawsuit.

Rather, petitioner alleges he is a California state prisoner who was sentenced to a life term in state prison with the possibility of parole for an offense that occurred before November 4, 2008. (Pet. at 1.) Accepting petitioner's allegations as true, he is a member of the Gilman class. Similar to the plaintiffs in Gilman, petitioner in this habeas action alleges that Marsy's Law violates the Ex Post Facto Clause because, when applied retroactively, it creates a risk of increasing the length of his punishment. Petitioner asks the court to issue a writ of habeas corpus. However, even if the court found that the Board's 2009 five-year deferral of petitioner's next parole suitability hearing violated the Ex Post Facto Clause, it would not entitle petitioner to release on parole. Because his Ex Post Facto claim concerns only the timing of petitioner's next parole suitability hearing, success on that claim would not necessarily result in determinations that petitioner is suitable for release from custody on parole. Rather, petitioner's equitable relief would be limited to an order directing the Board to conduct a new parole suitability hearing and enjoining the Board from enforcing against petitioner any provisions of Marsy's Law found to be unconstitutional. This is the same relief petitioner would be entitled to as a member of the pending Gilman class action. (See Gilman, Doc. No. 154–1 (Fourth Amended/Supplemental Complaint) at 14.)

Therefore, it appears clear that petitioner's rights will be fully protected by his participation as a class member in the Gilman case. Accordingly, the court recommends that petitioner's Ex Post Facto claim presented by him in this federal habeas action be dismissed without prejudice to any relief that may be available to him as a member of the Gilman class.

7

See Crawford v. Bell, 599 F.2d 890, 892 (9th Cir. 1979) ("A court may choose not to exercise its jurisdiction when another court having jurisdiction over the same matter has entertained it and can achieve the same result."); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action."); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir.1988) ("To allow individual suits would interfere with the orderly administration of the class action and risk inconsistent adjudications."); Johnson v. Parole Board, No. CV 12–3756–GHK (CW), 2012 WL 3104867, at * (C.D. Cal. June 26, 2012) (recommending dismissal of petitioner's Ex Post Facto challenge to Proposition 9 "without prejudice in light of the ongoing Gilman class action.") (and cases cited therein), report and recommendation adopted by 2012 WL 3104863 (C.D. Cal. July 25, 2012).[2]

III. Bill of Attainder

Petitioner's final claim is that Marsy's Law constitutes an unlawful Bill of Attainder because its increase in the minimum deferral period for subsequent parole suitability hearings constitutes "harsher penalties of punishment" and a "defacto increase" in his sentence. (Pet. at 5.)

The United States Constitution provides that "No Bill of Attainder . . . shall be passed." U.S. Const. art. 1, §9, cl. 3. A bill of attainder involves a statute imposing punishment without the benefit of trial. Nixon v. Administrator of Gen. Servs., 433 U.S. 425, 468 (1977). Three requirements must be met to establish a violation of the Bill of Attainder Clause: it must single out an identifiable group, inflict punishment, and dispense with a judicial trial. Id.; Selective Serv. Sys. v. Minnesota Pub. Interest Research Group, 468 U.S. 841, 846-47 (1984). Three inquiries determine whether a statute "inflicts punishment:" (1) whether the challenged

---

[2] In his opposition to respondent's motion to dismiss, petitioner states that he "will concede to the dismissal of his Marcy's law Claim upon the Court notifying petitioner that he is a legal binding participant to the Gilman Class Action." (Doc. No. 14 at 9.)

statute falls within the historical meaning of legislative punishment; (2) whether the statute, "viewed in terms of the type and severity of burdens imposed, reasonably can be said to further nonpunitive legislative purposes;" and (3) whether the legislative record "evinces a congressional intent to punish." United States v. Lujan, 504 F.3d 1003, 1006 (9th Cir. 2007) (quoting Selective Serv. Sys., 468 U.S. at 852).

Given these requirements and relevant factors for consideration, Marsy's Law does not qualify as a bill of attainder. Petitioner has not alleged any facts which could establish he is subject to a bill of attainder, nor has he cited any decision of the United States Supreme Court supporting his claim that Proposition 9 constitutes additional "punishment" for his crime. Marsy's Law has no effect on the indeterminate life sentence petitioner received after his conviction for second degree murder. His sentence remains the same regardless of when his future parole suitability hearings are held. For these reasons, petitioner is not entitled to federal habeas relief with respect to his claim that Marsy's Law constitutes an unlawful Bill of Attainder.[3]

CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondents' September 6, 2011 motion to dismiss (Doc. No. 11) be granted;

2. Federal habeas relief be denied as to petitioner's due process claim and his claim that Marsy's Law constitutes a Bill of Attainder; and

3. Petitioner's claim that his rights under the Ex Post Facto Clause were violated by the Board's 2009 decision to defer his next parole consideration for a period of five years be dismissed without prejudice to any relief that may be available to petitioner as a member of the class in Gilman v. Fisher, 05–0830 LKK GGH P.

---

[3] In light of the recommended dismissal of this action on the grounds set forth above, the undersigned will not reach respondent's argument that petitioner's claims should be dismissed because his allegations are vague and conclusory. See Mot. to Dismiss at 4-5.

1  These findings and recommendations will be submitted to the United States
2  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
3  fourteen days after being served with these findings and recommendations, any party may file
4  written objections with the court.  The document should be captioned "Objections to Findings
5  and Recommendations."  Any reply to the objections shall be served and filed within fourteen
6  days after service of the objections.  Failure to file objections within the specified time may
7  waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th
8  Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may
9  address whether a certificate of appealability should issue in the event he files an appeal of the
10 judgment in this case.  <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district
11 court must issue or deny a certificate of appealability when it enters a final order adverse to the
12 applicant).

DATED: September 19, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:
campo1622.mtd